## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROXANE MORALES,**

     **Plaintiff,**

v.                                                                    **Case No:**

**MRS BPO, LLC, and**
**SYNCHRONY BANK,**

                                   **DEMAND FOR JURY TRIAL**

     **Defendant.**
_____/

## PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **ROXANE MORALES** ("Ms. Morales" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **MRS BPO, LLC** ("Debt Collector"), and **SYNCHRONY BANK** ("Debt Owner") and in support thereof states as follows:

### *Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by continuing to call and text Ms. Morales' Cellular Telephone after Ms. Morales

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **1** of **20**

demanded that Defendant stop calling and texting her Cellular Telephone, which can reasonably be expected to harass Ms. Morales.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d)and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Ms. Morales was and is a natural person and, at all times material hereto, is an adult, a resident of  Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Ms. Morales is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 786-***-5230 ("Ms. Morales's Cellular Telephone").

6.      At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of NJ and its registered agent, Cogency Global Inc., located at 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.

7.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **2** of **20**

8.    At all times material hereto, Debt Owner was and is a bank with its headquarters located at 170 West Election Road, Suite 125, Draper, UT 84020.

9.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Morales' alleged debt.

10.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Morales' alleged debt for Debt Owner.

11.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12.    Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Morales' information.

13.    Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Morales' information into Debt Owner's sales or customer systems.

14.    Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15.    Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Ms. Morales.

16.    Under information and belief, Debt Owner had actual knowledge of Debt Collector's TCPA, FDCPA, and FCCPA violations when calling and texting Ms. Morales' Cellular Telephone line using an automatic dialer for non-emergency purposes and Debt Owner failed to stop such violations by Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **3** of **20**

17.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Morales' debt on behalf of Debt Owner.

### *Statements of Fact*

18.     Ms. Morales opened a credit card account for personal use with Debt Owner ("Account").

19.     Sometime thereafter, Ms. Morales encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

20.     In or around June of 2019, Debt Owner began placing calls to Ms. Morales' Cellular Telephone in attempts to collect the Debt.

21.     Ms. Morales spoke with Debt Owner in June of 2019 and demanded that Debt Owner stop calling her Cellular Telephone.

22.     Despite Ms. Morales' demand, Debt Owner continued to place calls to Ms. Morales' Cellular Telephone in attempts to collect the Debt.

23.     Under information and belief, Debt Owner then sold, assigned, or transferred the Debt to Debt Collector for collection purposes.

24.     Despite never having consent to call Ms. Morales, Debt Collector began placing calls and text messages to Ms. Morales' Cellular Telephone in attempts to collect the Debt.

25.     Debt Collector would even call Ms. Morales' Cellular Telephone before 8:00a.m. in attempts to collect the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **4** of **20**

26.     Ms. Morales spoke with Debt Collector in September of 2019 and demanded that Debt Collector stop calling her Cellular Telephone.

27.     Despite Ms. Morales' demand, Debt Collector continued to place calls and text messages to Ms. Morales' Cellular Telephone in attempts to collect the Debt.

28.     Debt Collector has called Ms. Morales' Cellular Telephone at least forty (40) times during the time period from June of 2019 to the present date.

29.     Debt Collector called Ms. Morales's Cellular Telephone from several different telephone numbers, most of which were identified as private on Ms. Morales' caller id, including but not limited to 844-557-1588.

30.     All of Debt Collector's calls to Ms. Morales' Cellular Telephone were placed in an attempt to collect the Debt.

31.     All of Debt Collector's text messages to Ms. Morales' Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Collector)*

32.     Ms. Morales re-alleges paragraphs 1-31 and incorporates the same herein by reference.

33.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page 5 of 20

any service for which the called party is charged for
the call.

34.     Ms. Morales revoked consent to have Debt Collector call or text her
Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or
artificial voice or prerecorded message in or around June of 2019 when she expressly told
Debt Collector to stop calling and texting her Cellular Telephone.

35.     Despite this revocation of consent, Debt Collector thereafter continued to
call Ms. Morales' Cellular Telephone.

36.     Debt Collector did not place any emergency calls to Ms. Morales' Cellular
Telephone.

37.     Debt Collector willfully and knowingly placed non-emergency calls to
Ms. Morales' Cellular Telephone.

38.     Ms. Morales knew that Debt Collector called Ms. Morales' Cellular
Telephone using an ATDS because she heard a pause when she answered at least one of
the first few calls from Debt Collector on her Cellular Telephone before a live
representative of Debt Collector came on the line.

39.     Ms. Morales knew that Debt Collector called Ms. Morales' Cellular
Telephone using a prerecorded voice because Debt Collector left Ms. Morales at least one
voicemail using a prerecorded voice.

40.     Debt Collector used an ATDS when it placed at least one call to Ms.
Morales' Cellular Telephone.

41.     Under information and belief, Debt Collector used an ATDS when it
placed at least ten calls to Ms. Morales' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **6** of **20**

42.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Morales' Cellular Telephone.

43.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Morales' Cellular Telephone.

44.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

45.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

46.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

47.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

48.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a prerecorded voice.

49.     Debt Collector has recorded at least one conversation with Ms. Morales.

50.     Debt Collector has recorded more than one conversation with Ms. Morales.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **7** of **20**

51.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Morales for its financial gain.

52.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Morales' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

53.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Morales despite individuals like Ms. Morales revoking any consent that Debt Collector believes it may have to place such calls.

54.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Morales' Cellular Telephone.

55.     Debt Collector has corporate policies to abuse and harass consumers like Ms. Morales.

56.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **8** of **20**

57. Debt Collector has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

58. Debt Collector's actions have damaged Ms. Morales by causing her embarrassment.

59. Debt Collector's actions have damaged Ms. Morales by causing her emotional distress.

60. Debt Collector's actions have damaged Ms. Morales by causing her stress.

61. Debt Collector's actions have damaged Ms. Morales by causing her anxiety.

62. Debt Collector's actions have damaged Ms. Morales by causing her to lose sleep.

63. Debt Collector's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

64. Debt Collector's actions have damaged Ms. Morales by invading her privacy.

65. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **9** of 20

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Debt Collector; and

    e.   Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

66.    Ms. Morales re-alleges paragraphs 1-31 and incorporates the same herein by reference.

67.    At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

68.    The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

69.    Ms. Morales revoked consent to have Debt Collector call or text her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around June of 2019 when she expressly told Debt Collector to stop calling and texting her Cellular Telephone.

70.    Despite this revocation of consent, Debt Collector thereafter continued to call Ms. Morales' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **10** of 20

71.     Debt Collector did not place any emergency calls to Ms. Morales' Cellular Telephone.

72.     Debt Collector willfully and knowingly placed non-emergency calls to Ms. Morales' Cellular Telephone.

73.     Ms. Morales knew that Debt Collector called Ms. Morales' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Debt Collector on her Cellular Telephone before a live representative of Debt Collector came on the line.

74.     Ms. Morales knew that Debt Collector called Ms. Morales' Cellular Telephone using a prerecorded voice because Debt Collector left Ms. Morales at least one voicemail using a prerecorded voice.

75.     Debt Collector used an ATDS when it placed at least one call to Ms. Morales' Cellular Telephone.

76.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Ms. Morales' Cellular Telephone.

77.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Morales' Cellular Telephone.

78.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Morales' Cellular Telephone.

79.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **11** of **20**

80.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

81.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

82.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

83.     At least one call that Debt Collector placed to Ms. Morales' Cellular Telephone was made using a prerecorded voice.

84.     Debt Collector has recorded at least one conversation with Ms. Morales.

85.     Debt Collector has recorded more than one conversation with Ms. Morales

86.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Morales for its financial gain.

87.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Morales' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **12** of **20**

88.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Morales despite individuals like Ms. Morales revoking any consent that Debt Collector believes it may have to place such calls.

89.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Morales' Cellular Telephone.

90.     Debt Collector has corporate policies to abuse and harass consumers like Ms. Morales.

91.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

92.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

93.     Debt Collector's actions have damaged Ms. Morales by causing her embarrassment.

94.     Debt Collector's actions have damaged Ms. Morales by causing her emotional distress.

95.     Debt Collector's actions have damaged Ms. Morales by causing her stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **13** of **20**

96.     Debt Collector's actions have damaged Ms. Morales by causing her anxiety.

97.     Debt Collector's actions have damaged Ms. Morales by causing her to lose sleep.

98.     Debt Collector's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

99.     Debt Collector's actions have damaged Ms. Morales by invading her privacy.

100.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

 a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

 b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

 c.  Awarding Plaintiff costs;

 d.  Ordering an injunction preventing further wrongful contact by the Debt Owner; and

 e.  Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(as against Debt Collector)*

101.    Ms. Morales re-alleges paragraphs 1-31and incorporates the same herein by reference.

102.    Ms. Morales is a "consumer" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **14** of **20**

103.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

104.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

105.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated 15 U.S.C. § 1692c(a)(1) by calling Ms. Morales's Cellular Telephone outside of the hours of 8 a.m. and 9 p.m.

b.  Debt Collector violated 15 U.S.C. § 1692d(5) by continuing to place calls and text messages to Ms. Morales' Cellular Telephone despite Ms. Morales' demand that Debt Collector stop calling and texting her Cellular Telephone, which can reasonably be expected to harass Ms. Morales.

106.    As a result of the above violations of the FDCPA, Ms. Morales has been subjected to illegal collection activities for which she has been damaged.

107.    Debt Collector's actions have damaged Ms. Morales by causing her embarrassment.

108.    Debt Collector's actions have damaged Ms. Morales by causing her emotional distress.

109.    Debt Collector's actions have damaged Ms. Morales by causing her stress.

110.    Debt Collector's actions have damaged Ms. Morales by causing her anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **15** of **20**

111.    Debt Collector's actions have damaged Ms. Morales by causing her to lose sleep.

112.    Debt Collector's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

113.    Debt Collector's actions have damaged Ms. Morales by invading her privacy.

114.    It has been necessary for Ms. Morales to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

115.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

Any other and further relief as this Court deems just and equitable.

### _Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

116.    Plaintiff re-alleges paragraphs 1-31 and incorporates the same herein by reference.

117.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Morales v. MRS BPO, LLC and Synchrony Bank_
Page **16** of **20**

a. Debt Collector violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Morales' Cellular Telephone despite Ms. Morales' demand that Debt Collector stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Morales.

b. Debt Collector violated Fla. Stat. § 559.72(17) by calling Ms. Morales's Cellular Telephone outside of the hours of 8:00 a.m. and 9:00 p.m.

118. As a result of the above violations of the FCCPA, Ms. Morales has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

119. Debt Collector's actions have damaged Ms. Morales by causing her embarrassment.

120. Debt Collector's actions have damaged Ms. Morales by causing her emotional distress.

121. Debt Collector's actions have damaged Ms. Morales by causing her stress.

122. Debt Collector's actions have damaged Ms. Morales by causing her anxiety.

123. Debt Collector's actions have damaged Ms. Morales by causing her to lose sleep.

124. Debt Collector's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **17** of **20**

125.    Debt Collector's actions have damaged Ms. Morales by invading her privacy.

126.    It has been necessary for Ms. Morales to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

127.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems just and equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

128.    Plaintiff re-alleges paragraphs 1-31 and incorporates the same herein by reference.

129.    At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

130.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Morales' Cellular Telephone despite Ms. Morales' demand that Debt Collector stop calling her

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **18** of 20

Cellular Telephone, which can reasonably be expected to harass Ms. Morales.

b.   Debt Collector violated Fla. Stat. § 559.72(17) by calling Ms. Morales's Cellular Telephone outside of the hours of 8:00 a.m. and 9:00 p.m.

131.   As a result of the above violations of the FCCPA, Ms. Morales has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

132.   Debt Collector's actions have damaged Ms. Morales by causing her embarrassment.

133.   Debt Collector's actions have damaged Ms. Morales by causing her emotional distress.

134.   Debt Collector's actions have damaged Ms. Morales by causing her stress.

135.   Debt Collector's actions have damaged Ms. Morales by causing her anxiety.

136.   Debt Collector's actions have damaged Ms. Morales by causing her to lose sleep.

137.   Debt Collector's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

138.   Debt Collector's actions have damaged Ms. Morales by invading her privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **19** of **20**

139.    It has been necessary for Ms. Morales to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

140.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

      e.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

      f.   Awarding actual damages;

      g.   Awarding costs and attorneys' fees; and

      h.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Roxane Morales, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 31, 2019**,

                    */s/ Kaelyn Steinkraus*
                    Kaelyn Steinkraus, Esq.
                    Florida Bar No. 125132
                    kaelyn@zieglerlawoffice.com
                    Law Office of Michael A. Ziegler, P.L.
                    2561 Nursery Road, Suite A
                    Clearwater, FL 33764
                    (p)  (727) 538-4188
                    (f)  (727) 362-4778
                    *Counsel for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. MRS BPO, LLC and Synchrony Bank*
Page **20** of 20